JOSE CASAIS, PLAINTIFF-RESPONDENT, v. MEYER L. SHAPIRO ESTATE AND SAMUEL FELDMAN, DEFEND-ANTS-APPELLANTS.

GABINO FERNANDEZ, PLAINTIFF-RESPONDENT, v. MEYER L. SHAPIRO ESTATE AND SAMUEL FELDMAN, DE-FENDANTS-APPELLANTS.

Submitted October 7, 1947—Decided November 20, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the defendants-appellants, *George F. Lahey, Jr.*

For the plaintiffs-respondents, *Rosario S. Mazzola.*

The opinion of the court was delivered by

BODINE, J. The plaintiffs in both actions sued to recover damages for injuries sustained from a fall while walking down a stairway at No. 474 Broadway, Bayonne, New Jersey, on the morning of May 20th, 1945, after attending a dance at the Spanish-American Citizens Club. The testimony of the plaintiffs was that the stairway was not well lighted and at least one tread was defective. The respondent submitted no brief.

The lease, executed in 1937 expired in 1940, covered the third floor, and the use of the front common entrance. The rear entrance was closed at that time.

Shortly thereafter, the club changed from the use of the front or westerly entrance to the rear or easterly entrance, thus securing a private entrance. No other tenants used the

rear entrance which connected directly with the club rooms. The tenancy was continued without writing through 1945. The club built a floor across the front steps in 1937 and admittedly paid for both the wiring and the lighting in the club room and halls and stairs leading thereto.

The proofs do not show that the accidents occurred on a common stairs. They show that the accident occurred on the stairs over which the landlord had no control and was under no duty with respect thereto.

The proofs show that no one could enter the second floor from the club's stairway, because the club kept the door locked; nor could the members enter by the front stairs because of the work the club had done; nor could other tenants enter by the club stairway. There was no proof whatever of use of the rear stairway by anyone other than the club and its members.

"It is entirely settled in this state that the landlord is not bound to repair leased premises during the term unless he had contracted to do so. No obligation will be implied on the part of the landlord, in the absence of such contract, that he shall make repairs because of the premises being in a dangerous condition." *Liebeck* v. *Bennis*, 4 *N. J. Mis. R.* 422; *affirmed*, 103 *N. J. L.* 700.

The Liebeck case was based on *Clyne* v. *Helmes*, 61 *N. J. L.* 358, which has many times been approved. The Clyne case is authority for the following conclusions: that as to subtenants, servants, employees, or even customers of the tenant, the exemption of the landlord from liability by reason of the ruinous condition of the premises is applicable; and also that the promise of the landlord to repair, made after letting, is without consideration and will not sustain an action.

If in the present case, there was a promise made by the landlord's agent it is of no avail to the plaintiffs, since there was neither privity or consideration.

The law as applicable and enunciated by Mr. Justice Depue has consistently been followed for nearly fifty years. The verdicts cannot be sustained because the proofs show that the accident occurred on private and not common stairs.

The judgments are reversed.